695-09/PJG
JUDGE BATTS

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Petitioner
Favour Marine SA
80 Pine Street
New York, New York 10005
(212) 425 1900
Peter J. Gutowski

09 CV 10054

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FAVOUR MARINE SA
Plaintiff - Petitioner

       -v-

INDUSTRIAL CARRIERS INC.
Defendant - Respondent
----------------------------------------------------------x

09 CV.

**VERIFIED PETITION
TO CONFIRM
<u>ARBITRAL AWARD</u>**

Plaintiff-Petitioner FAVOUR MARINE SA (hereinafter the "Petitioner"), by its attorneys FREEHILL HOGAN & MAHAR LLP, as and for its petition to confirm and enforce a foreign arbitral award rendered against Defendant-Respondent INDUSTRIAL CARRIERS INC. (hereinafter "ICI"), alleges upon information and belief as follows:

1. This is an action within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and constitutes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves the recognition, confirmation and enforcement of an arbitral award relating to the breach of a maritime contract of charter party. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 U.S.C. §1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. §§ 201, *et seq.*) and the Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.*).

NYDOCS1/342510.1

2. At all times material hereto, Petitioner was and still is a corporation duly organized and existing under the laws of Panama, with an agent in care of TMT Bulk Corporation of Panama, trading as TMT Bulk Co. Ltd. 12 F., No. 167, Fuxing N. Rd, Songshan Dist. Taipei 105, Taiwan, R.O.C.

3. At all times material hereto, Defendant-Respondent ICI was and still is a corporation or other business entity duly organized and/or existing under the laws of the Marshall Islands with an address in care of the Marshall Islands Inc., Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro MH 96960, Marshall Islands, and an agent in this District in care of CT Corporation System, 111 Eighth Avenue, New York, N.Y., 10011.

4. Under a charter party dated September 20, 2007, the Petitioner, as registered owner of the M/V INTEGRA DUCKLING and nominated by TMT Bulk Corporation and/or TMT Bulk Co., Ltd, agreed to let, and ICI, as charterer, agreed to charter, the M/V INTEGRA DUCKLING for a period of about 23 months to about 25 months. A true and accurate copy of the charter party is annexed hereto as Exhibit 1 (hereinafter the "Charter Party").

5. The Charter Party provided for the resolution of disputes to be referred to arbitration in London. (*See*, Ex. 1 at Clause 17 and 89).

6. The vessel was duly delivered by Petitioner into the service of ICI, who subsequently ceased performance of the Charter Party.

7. As a consequence of ICI's failure to perform the contract, claims arose and pursuant to the terms of the Charter Party, Petitioner commenced arbitration proceedings in London, appointed Michael Baker-Harber as arbitrator, and duly called upon ICC to respond by appointing its arbitrator.

8. ICI failed to do so within the requisite period provided in Clause 89 and as a consequence, Mr. Michael Baker-Harber was appointed as sole arbitrator.

9. The claims submitted by Petitioner included unpaid hire during the period of performance, the cost of bunkers stemmed by ICI but not paid, and damages suffered as a consequence of ICI's repudiatory breach of the Charter Party.

10. The sole arbitrator, being satisfied that ICI was fully aware of the claims being made against them and having chosen to take no part in the London proceedings, went forward and reviewed the submissions in detail and having carefully and consciously considered the evidence in the matter, issued and published his Award holding in favor of the Petitioner in the total sum of $20,998,732.06 (Twenty Million Nine Hundred and Ninety Eight Thousand Seven Hundred and Thirty-Two Dollars and six cents), together with interest thereon calculated at a rate of 5.5 per cent per annum, compounded with three monthly rests running from August 16, 2009 until payment.

11. A true and accurate copy of the Award issued by arbitrator Baker-Harber on September 2, 2009 is annexed hereto as Ex. 2 and provides greater details regarding the claims, the assessment of liability and the calculation of the Award. (Hereinafter the "Award").

12. In addition, the Award provides for ICI to bear Petitioners' costs, yet to be assessed, and awarded the cost of the arbitration against ICI in the sum of £ 5,100.

13. To date, ICI has failed and/or refused to honor or satisfy the Award.

14. Pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), 9 U.S.C. §201, *et seq.*, and the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*, Petitioner seeks an Order confirming the Award as rendered by the London arbitrator, and reduction of that Award to a judgment for the purpose of enforcement.

15. Petitioner also seeks an award of fees and costs incurred in this action as the refusal to honor the Award created a needless waste of judicial and counsel resources all of which are properly recoverable under the Court's admiralty and maritime jurisdiction.

WHEREFORE, PETITIONER prays:

a. that process in due form of law according to the practice of this Court may issue against ICI citing it to appear and answer or be defaulted for the relief sought herein;

b. that the Court recognize, confirm and enforce the final arbitration award, pursuant to the New York Convention and 9 U.S.C. §201 *et. seq.* and the Federal Arbitration Act 9 U.S.C. §1 *et. seq.*, and the doctrine of comity in the total amount of the award $20,998,732.06 together with costs as set forth therein, with interest as calculated through the date judgment is issued;

c. that the Court award the Petitioner the attorneys' fees and costs incurred in the prosecution of this petition; and

d. that Petitioner have such other and different relief as the Court may deem just and proper in the premises.

Dated: New York, New York
December 8, 2009

        FREEHILL HOGAN & MAHAR LLP
        *Attorneys for Petitioner*

        By: _____
           Peter J. Gutowski
           80 Pine Street
           New York, New York 10005
           (212) 425-1900

## ATTORNEY VERIFICATION

State of New York      )
                              ) ss.:
County of New York  )

PETER J. GUTOWSKI, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under penalty of perjury as follows:

1. I am the attorney for the Petitioner in this matter and have read the foregoing Verified Petition, know the contents thereof and upon information and belief, I believe the matters alleged therein to be true.

2. The reason this Verification is made by me and not by the Petitioner is that the Petitioner resides in another state and none of its officers are present.

3. The source of my information and the grounds for my belief are communications and documents received from the Petitioner's solicitors.

                                                       /s/ Peter J. Gutowski

Sworn to before me this
8th day of December, 2009

_____
NOTARY PUBLIC

Gloria J. Regis Hosein
Notary Public, State of New York
No. 01RE6065625, Qualified in Kings County
Certificate Filed in New York County
Commission Expires October 22, 2013

NYDOCS1/342510.1

695-09/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Petitioner
Favour Marine SA
80 Pine Street
New York, New York 10005
(212) 425 1900
Peter J. Gutowski

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FAVOUR MARINE SA               09 CV. 10054 (DAB)
Plaintiff - Petitioner
                               **AFFIDAVIT OF SERVICE**

        -v-

INDUSTRIAL CARRIERS INC.
Defendant - Respondent
------------------------------------------------------------x

I, Barbara G. Carnevale, am not a party to this action, am over 18 years of age and reside at 80 Pine Street, New York, NY 10005.

On the 8th day of December, 2009, I personally served a copy of the Summons and Petition to Confirm the Arbitral Award on Industrial Carriers Inc. by leaving copies of the foregoing documents at the offices of CT Corporation System, which has been designated as Industrial Carriers Inc.'s agent for service of process, located at 111 Eighth Avenue, 13th Floor, New York, New York at 3:05 p.m. with Aixa Flores, who is employed as a process specialist.

_____
Barbara G. Carnevale

Sworn to before me this
8th day of December, 2009

_____
NOTARY PUBLIC

NYDOCS1/342611.1
HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010